**Michael L. SINGER and Paula Singer, as parents and natural guardians of Michael L. Singer, II, Plaintiffs–Appellants,**

v.

**ELI LILLY & COMPANY, Defendant–Appellee.**

**No. 09–2584–cv.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2010.

Robert A. Hoffa, Campana, Lovecchio & Morrone, P.C., Williamsport, PA, for Plaintiffs–Appellants.

Nina M. Gussack (Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA, for Defendant–Appellee.

PRESENT: JOHN M. WALKER, JR., JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Michael L. Singer, II, appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Singer, who suffers from several neurological disorders, was prescribed Zyprexa consistently between December 2000 and January 2002. He was treated with Risperdal for a year before Zyprexa, and with Orap immediately following Zyprexa; both are antipsychotic medications with risks of weight gain. In November 2004, Singer was diagnosed with diabetes. Singer asserts that Zyprexa caused his diabetes and that he would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo,* and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright,* 597 F.3d 532, 535–36 (2d Cir.2010).

In order to establish a claim based on a manufacturer's failure to warn under Pennsylvania law,[1] Singer must establish that the inadequate warning "was both a cause-in-fact and the proximate cause" of his injuries. *Pavlik v. Lane Ltd./Tobacco Exps. Int'l,* 135 F.3d 876, 881 (3d Cir.1998) (applying Pennsylvania law). Moreover, Pennsylvania law recognizes the "learned

intermediary" exception in failure-to-warn cases: "a prescription drug manufacturer may meet its duty to warn by providing an adequate warning to a 'learned intermediary,' as opposed to the general public or individual users." *Mazur v. Merck & Co.,* 964 F.2d 1348, 1355 (3d Cir.1992) (applying Pennsylvania law). As a result, summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate that "had defendant issued a proper warning to the learned intermediary, [the learned intermediary] would have altered his behavior and the injury would have been avoided." *Mazur v. Merck & Co.,* 742 F.Supp. 239, 262 (E.D.Pa.1990).

After de novo review, we hold that Singer has failed to present evidence that Zyprexa was the cause-in-fact of his injury. Singer's physician, Dr. Stayer, prescribed three different antipsychotic drugs in succession between 1999 and 2004. When "the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson," Pennsylvania requires expert testimony "that the injury in question did, with a reasonable degree of medical certainty, stem from" the act alleged. *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280, 1285 (1978). As the District Court noted, Singer's causation expert "was unable to determine with any level of scientific probability whether Risperdal, Zyprexa, Orap or some other treatment variable led to claimant's diabetes." *In re Zyprexa Prods. Liab. Litig.,* Nos. 04–MD–1596, 06–CV–1338, 2009 WL 1404978, at *14 (E.D.N.Y. May 19, 2009). Singer has therefore presented no evidence from which a jury could conclude that Zyprexa,

---

1. It is undisputed that Pennsylvania's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring in Pennsylvania and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown,* 991 F.2d 36, 40 (2d Cir.1993) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

rather than either of the other two drugs, caused his diabetes.

## CONCLUSION

We have considered each of Singer's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.